IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, A/K/A<br>JAMES EGAN HOLMES,<br>Plaintiff,<br><br>v.<br><br>AMTRAK, NATIONAL RAILROAD<br>PASSENGER CORP;<br>GREYHOUND LINES INC;<br>SOUTHWEST AIRLINES INC;<br>DELTA AIRLINES INC;<br>AMERICAN AIRLINES INC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 12-1378 |

MEMORANDUM ORDER

Gary L. Lancaster, September 27, 2012
Chief Judge.

Before the court are plaintiff's motion for leave to proceed in forma pauperis and pro se complaint. For the reasons that follow, plaintiff's motion will be granted, and his complaint dismissed.

I. BACKGROUND

Plaintiff's pro se complaint is a single block paragraph, written entirely in capital letters, which seeks relief under the "Whistleblowers Act" and civil rights laws. Plaintiff alleges that the common carrier defendants "are deliberately going out of their way to jack up prices so [his erstwhile love

1

interest] can't afford to see" him, which is causing him "emotional distress every minute I can't be with [her] and its [sic] eating my heart inside and I dont [sic] want to lose her to this delay." [Doc. no. 1-1, ¶ 1].

II. STANDARD OF REVIEW

Congress has authorized the federal courts to allow a party to proceed with the commencement, prosecution, or defense of an action in forma pauperis. 28 U.S.C. § 1915(a).

In enacting section 1915, Congress granted the courts an extra measure of authority when evaluating an in forma pauperis action. Under that section, the court shall dismiss such an action if it determines any of the following: (1) that the action is frivolous or malicious; (2) that the action fails to state a claim on which relief may be granted; or (3) that the action seeks monetary relief against a defendant who is immune from such relief. Id. at §§ 1915(e)(2)(B)(i), (ii), (iii). If it so finds, the court may dismiss a claim sua sponte, even before the summons issues. Johnstone v. United States, 980 F. Supp. 148, 150 (E.D.Pa. 1997). However, "prior to dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial." Hudson v. McKeesport Police Chief, 244 Fed.Appx. 519, 521 (3d

2

Cir. 2007).

A complaint fails to state a claim if, with all well-pleaded allegations taken as true, and viewed in the light most favorable to plaintiff, it does not state any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). Further, a complaint is frivolous if it is "based on an indisputably meritless legal theory," or sets forth "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because section 1915(e)'s "frivolousness standard authorizing sua sponte dismissal of an in forma pauperis complaint is a more lenient standard than that of Rule 12(b)(6)," the district court need not inquire as to whether the complaint contains "sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Id. at 323-23 (internal quotations omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III. DISCUSSION

    A. Motion for Leave to Proceed In Forma Pauperis

We first address plaintiff's motion for leave to proceed in forma pauperis.

In allowing plaintiffs to proceed in forma pauperis, Congress recognized the public policy concern that persons who

are unable to pay fees or give security should be permitted to prosecute or defend actions that affect their legal rights. Here, plaintiff completed this court's form for proceeding in court without prepaying fees or costs, and indicated that he has zero wages, zero take home pay, and has earned no income in the past year. [Doc. no. 1]. Because it appears that plaintiff is unable to pay the costs associated with commencing this action, we will grant him leave to proceed in forma pauperis.

B. Complaint

Next, we turn to plaintiff's complaint.

On its face, plaintiff's complaint alleges that recent increases in the prices of air, bus, and train fares have made it too expensive for him to visit with his girlfriend. Increases in the price of common carrier transportation do not deprive an individual of any right granted under existing federal statutory or constitutional law. Therefore, the court finds that plaintiff's complaint is based on an indisputably meritless legal theory that completely fails to state a claim upon which relief can be granted. Furthermore, the court finds that amendment under these circumstances would be futile.

III. CONCLUSION

For the foregoing reasons, the court will grant plaintiff's motion for leave to proceed in forma pauperis, but will dismiss his complaint as frivolous and as failing to state a claim upon

4

which relief may be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN LEE RICHES, A/K/A )
JAMES EGAN HOLMES, )
    Plaintiff, )
)
v. ) Civil Action No. 12-1378
)
AMTRAK, NATIONAL RAILROAD )
PASSENGER CORP; )
GREYHOUND LINES INC; )
SOUTHWEST AIRLINES INC; )
DELTA AIRLINES INC; )
AMERICAN AIRLINES INC, )
    Defendants. )

ORDER

AND NOW, this 27 day of September, 2012, upon consideration of plaintiff's motion for leave to proceed in forma pauperis, said motion is hereby GRANTED. It is FURTHER ORDERED that plaintiff's complaint is hereby DISMISSED, with prejudice.

BY THE COURT:

_____, C.J.
Hon. Gary L. Lancaster,
Chief United States District Judge